UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIE IRENE TANSER,

                Plaintiff,

-against-

WHITE & CASE LAW FIRM, et al.,

                Defendants.

24-CV-2153 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, filed this action under the Court's federal question jurisdiction against her former attorneys and their law firm. By order dated April 1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff, who resides in New York, New York, brings this action using the court's general complaint form. Named as defendants are the White & Case Law Firm ("White & Case") and two of its attorneys, Isaac Glassman and Arziki M. Adamu. Plaintiff checks the box on the form to invoke the court's federal question jurisdiction and, in response to the question asking which of her federal constitutional or federal statutory rights have been violated, she writes,

> [t]he case I filed was against the Washington Conference for Holocaust Assets for a tremendous claim that was taken from me and the lawyers for White & Case mislead Judge Rigsby to believe the Defendant was the JCC [Jewish Claims Conference]. I did not get a fair trial.[1]

(ECF 1, at 2.) Plaintiff seeks a billion dollars in damages.

The following facts are drawn from the complaint. In 2023, Plaintiff, who was apparently represented by Glassman and Adamu of White & Case, filed a lawsuit in the Superior Court of the District of Columbia ("Superior Court"). Defendants, however, named the wrong party as a defendant in the action; rather than naming the Washington Conference for Holocaust Assets as the defendant, the lawsuit named the JCC. Plaintiff attempted to correct the error through the Superior Court's clerk's office, "but no one changed it or informed Judge Rigsby," the presiding judge. (*Id*. at 5.) Plaintiff believes that the error prevented her from going to trial and "getting [her] claim back." She asserts the following:

> [b]ecause it affected Diplomates & Sovereign all over the world it was critical that this was handled fairly. It broke the Vienna Convention by taking money from someone who had immunity – ME!!

(*Id*. at 8.) Plaintiff further claims that she has "not been treated with respect," and that everything she had was taken away.

---

[1] The Court quotes from the complaint verbatim. All capitalization, spelling, grammar, and punctuation are as in the original unless otherwise indicated.

2

## DISCUSSION

A.   **Subject matter jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented, or if asserting claims under state law, when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

1.   **Federal question jurisdiction**

To support federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create

federal question  jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff invokes federal question jurisdiction, but the facts alleged do not demonstrate that her claims arise under federal law. Her assertions instead suggest that she is attempting to bring claims for legal malpractice. Such claims arise under state law, not federal law. Accordingly, the Court lacks federal question jurisdiction of this action.

### 2. Diversity of citizenship jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action to consider claims under state law. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendant White & Case are citizens of New York,[2] precluding complete diversity of citizenship, and she does not specify the citizenships of Defendants Glassman and Adamu. Moreover, Plaintiff does not allege facts demonstrating that the value of her claims exceeds $75,000.00. Although she seeks one billion

---

[2] A limited liability company or limited partnership takes the citizenship of each of its members, *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (holding that a limited liability company "takes the citizenship of each of its members" for diversity purposes); *see also Handelsman v. Bedford Vill. Associates Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that a limited partnership has the citizenship of each of its members). The Court notes that White & Case LLP has a significant presence in New York.

4

dollars in damages, she does not specify the legal basis for the damages she seeks. The Court therefore lacks diversity of citizenship jurisdiction of this action.

Because Plaintiff does not allege facts suggesting that the Court has diversity or federal question jurisdiction of this matter, the Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (holding that the plaintiff bears the burden of establishing subject matter jurisdiction). Plaintiff's claims are dismissed without prejudice to her raising them in an appropriate state court.

**B.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). All other pending matters in this case are terminated.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: September 5, 2024
       New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge